Nott, J.
delivered the opinion of the Court.
The opinion which we had occasion so often to express, that one Judge cannot overrule or reverse an order made by another, seems not to he well understood. The Judges of the same Court are all equal and co-ordinate as to the powers which they possess. An appeal cannot, therefore, be made from one to another, as neither has the power of revision or control over the decisions of the other. But where one makes an order which, in the ordinary course of the administration of justice, may come before another, each has an equal power over the subject matter, and may, therefore, modify, enlarge or rescind such an order, as circumstances may require. No better illustration of the principle can be furnished than the case now under consideration affords. The Court has ordered an attachment to be issued against the sheriff. A. variety of circumstances might occur to render it Unnecessary or improper that the order should be carried into effect, or to require that it should be rescinded. Each succeeding Judge must, therefore, exercise his own judgment in the *12 matter, according to circumstances. Each Judge constitutes the same tribunal, though administered by a different organ; and every Court must necessarily have such control over its own proceedings. Were it otherwise, a person might be imprisoned an indefinite period of time. I have no doubt, therefore, of the power of the Court, to rescind the order which had been previously made. But whether under the circumstances of this case, that order ought to have been rescinded, is a more doubtful question. The only report which the presiding Judge has made, is, that “ circumstances were brought to my view in this case, which I was convinced had not been before the former Judge, otherwise I would not have interfered.” It is to be regretted that the Judge has not furnished this Court with those circumstances, that we might be able to judge of them. I take it for granted, however, that the presiding Judge intended to sanction the correctness of the statement contained in the brief. Indeed, we have the concurrence of the counsel for the defendant, in that statement of the facts. And from that view of the case, I should concur in opinion with Judge Watics : and I can see no good ground for rescinding that order.
The fi. fa. was placed in the hands of the sheriff of Lancaster district, and the only duty he had to perform, was to see that it was executed : transferring it to another district, to the hands of another sheriff, was a gross abuse of the trust which the law had reposed in him. It is contended that the defendant, residing in York district, was the principal debtor, and the other the security: But that was a matter into which it did not belong to the sheriff to inquire. As it regards the plaintiff, they were both equally bound. The sheriff of Lancaster could not shake off the responsibility from his own shoulders, by transferring the execution to another. He might thus turn the plaintiff over to an insolvent sheriff, from whom he might never get his money. The sheriff of York could only be considered as his agent, for whose conduct he must be responsible. He had certainly been guilty of contempt by neglecting to execute the process according to his instructions. I am of opinion, therfore, that the attachment was properly ordered by Judge Waties, and that the order of Judge James rescinding it, must be reversed.
Motion granted.